UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.H. and D.H., parents of P.H., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE PUBLIC SCHOOLS,<br><br>Defendant. | CASE NO. 2:23-cv-191 MJP<br><br>ORDER GRANTING MOTION TO AMEND ORDER AND JUDGMENT |

This matter comes before the Court on Defendant's Motion to Amend Order and Judgment. (Dkt. No. 25.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 29), the Reply (Dkt. No. 30), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

In ruling on the Parties' Cross-Motions for Summary Judgment, the Court reversed the administrative law judge's ("ALJ") determination that Defendant Seattle Public Schools ("the District") denied P.H., Plaintiffs' autistic child, with free and appropriate education ("FAPE"). (Order on Cross-Motions for Summary Judgment (Dkt. No. 20).) The Court found that the

Parents were not entitled to reimbursement for their unilateral placement of P.H. in private school because the District had not violated the Individuals with Disabilities Education Act ("IDEA"). (Id. at 20.) The Court also stated that "[e]ven if the Court found a violation of the IDEA, the Court does not find the equities favor an award of reimbursement for all private-placement related fees." (Id.) The Court explained that "[w]hile the Court does not fault Parents for wanting the best for their child, it finds an absence of evidence in the record to support a finding that Shrub Oak represents the proper placement for P.H. and that an award for all tuition and related expenses claims would be appropriate even if there had been a FAPE denial." (Id.) The Court's concluded that "the ALJ erred in awarding reimbursement to Parents." (Id.) But the Order did not specify that the Parents must repay the reimbursement to the District. The District now moves for an order amending the Court's Order and Judgment to expressly order Plaintiffs to repay the reimbursement. The District indicates that the reimbursement it seeks totals $445,132.56, and that it is not seeking an amendment to the Court's Order regarding the amounts it has paid for prospective placement (which exceeds $460,000). (Mot. to Amend at 4 (Dkt. No. 25).)

## ANALYSIS

The District's Motion asks the Court to amend its Order under Rule 52(b) or under Rule 59(e). Although the District identified other rules for the first time in its Reply, the Court focuses its analysis under Rules 52(b) and 59(e).

Rule 52(b) allows a court to amend its "findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). A motion under Rule 52(b) "may accompany a motion for a new trial under Rule 59." Id. Rule 59(e) allows a party to file a "motion to alter or amend a judgment." Amending a judgment after its entry is "an extraordinary

remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). In general, a Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). A court considering a Rule 59(e) motion is not limited to these four grounds, and may amend under unusual circumstances outside the listed grounds where appropriate. Id. A motion under Rule 59, like a motion under Rule 52(b), is granted in order to correct manifest errors of law or fact or to address newly discovered evidence. Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978).

The Court finds that it proper to amend its Order and Judgment to correct a manifest error and omission in the Order on Cross-Motions for Summary Judgment. In its Order, the Court found "an award of reimbursement [was] improper because the Court concludes that the ALJ erred in finding the unilateral private placement was appropriate." (Order at 20.) The Court found the "award of reimbursement [was] inappropriate." (Id.) The Court also found that "the equities [did not] favor an award of reimbursement for all private-placement related fees." (Id.) The Court's Order and Judgment did not, however, specifically order the repayment of the reimbursement. This was an oversight. And without this specific relief, the Order and Judgment could be read to provide only illusory relief to the District. To correct this manifest error, the Court hereby ORDERS the repayment of the reimbursement and ORDERS the Clerk to enter an amended judgment reflecting this requirement.

In reaching this determination, the Court rejects Plaintiffs' argument that repayment of the reimbursement would be inequitable. The Court already considered the equities and determined that the ALJ's award of reimbursement was inequitable. (Order on Cross-Motions at

20.) And Plaintiffs have not sought reconsideration of that part of the Order. The Court therefore will not revisit this portion of its Order and it rejects Plaintiffs' argument.

Additionally, the Court rejects Plaintiffs' argument that the District failed to properly raise and request repayment of the reimbursement. In its Motion for Summary Judgment the District argued that "the ALJ erroneously concluded that Parents were entitled to their requested remedies of reimbursement for P.H.'s private placement," and it asked the Court to "reverse the ALJ's award of relief." (Dist. Opening Br. at 17.) This was consistent with the District's Answer and Counterclaim, which asked the Court to "reverse the erroneous findings and conclusions in the ALJ Decision," to "enter a declaratory judgment that the District did not violate the IDEA","" and to "award such other relief as it deems just and equitable." (Answer, Prayer for Relief ¶¶ 2, 3, 5.) Moreover, in its Motion, the District argued that "[i]f the Court reverses this determination—as it should—it must also conclude that Parents are not entitled to any of their requested remedies related to their private placement of P.H." (Id. at 44.) And the District argued that the equities did not favor reimbursement even if the Court found that the District violated the IDEA. (Id. at 45-47.) As such, the Court finds the request for repayment of reimbursement was adequately requested, and that awarding such relief is consistent with the Counterclaim and the District's Motion. Additionally, Plaintiffs were provided with sufficient notice and an opportunity to oppose this request in responding to the District's Motion.

## CONCLUSION

To prevent manifest error, the Court GRANTS the District's Motion and AMENDS its Order to specify that the Parents must repay the reimbursement award. The Court ORDERS the Clerk to enter an amended judgment reflecting this conclusion.

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated June 18, 2024.

Marsha J. Pechman
United States Senior District Judge