UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.H. and D.H., parents of P.H., a minor,<br><br>                    Plaintiffs,<br><br>    v.<br><br>SEATTLE PUBLIC SCHOOLS,<br><br>                    Defendant. | CASE NO. 2:23-cv-191 MJP<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT AND MOTION TO STAY |

This matter comes before the Court on Plaintiffs' Motion to Amend the Judgment (Dkt. No. 35) and Motion to Stay the Judgment (Dkt. No. 36.) Having reviewed the Motions, Defendant's Oppositions (Dkt. Nos. 38 & 39), Plaintiffs' Reply to the Motion to Amend (Dkt. No. 42), and all supporting materials, the Court DENIES both Motions.

**BACKGROUND**

In ruling on the Parties' Cross-Motions for Summary Judgment, the Court reversed the administrative law judge's ("ALJ") determination that Defendant Seattle Public Schools ("the District") denied P.H., Plaintiffs' autistic child, with free and appropriate education ("FAPE").

(Order on Cross-Motions for Summary Judgment (Dkt. No. 20).) The Court found that the Parents were not entitled to reimbursement for their unilateral placement of P.H. in private school because the District had not violated the Individuals with Disabilities Education Act ("IDEA"). (Id. at 20.) The Court also stated that "[e]ven if the Court found a violation of the IDEA, the Court does not find the equities favor an award of reimbursement for all private-placement related fees." (Id.) The Court explained that "[w]hile the Court does not fault Parents for wanting the best for their child, it finds an absence of evidence in the record to support a finding that Shrub Oak represents the proper placement for P.H. and that an award for all tuition and related expenses claims would be appropriate even if there had been a FAPE denial." (Id.) The Court concluded that "the ALJ erred in awarding reimbursement to Parents." (Id.) But the Order did not specify that the Parents must repay the reimbursement to the District.

The District then moved for an order amending the Court's Order and Judgment to expressly order Plaintiffs to repay the tuition and related expenses the District had reimbursed the Parents. The District indicated that the reimbursement totaled $445,132.56, and that it was not seeking an amendment to the Court's Order regarding the amounts it paid for prospective placement (which exceeds $460,000). (Mot. to Amend at 4 (Dkt. No. 25).) In opposition, the Parents stated that the District had waived a request for reimbursement of these fees and that the award was inequitable. The Parents did not present any argument or evidence concerning the amount the District sought in reimbursement. The Court granted the District's request to amend the judgment to specify the reimbursement obligation in the amount of $445,132.56.

The Parents now argue that the Court's Order amending the judgment contains "a manifest error of law" that is also creating a "manifest injustice." (Mot. at 1.) They seek relief under Rule 52(b) and 59(e) to reduce the amount owed to $293,125.51. (Mot. at 4.) The Parents

argue that once the ALJ determined that the District had to pay for the unilateral placement, the District was bound to pay those sums even if they obtained relief from this Court. The ALJ rendered her decision on January 12, 2023, and the Parents believe the District owes the Parents for any tuition expenses and costs incurred after that point for the 2022-23 school year. In an unsworn exhibit the Parents attached to their Motion, they provide a series of what appear to be accountings that they claim show what portion of the tuition, support, and costs should be paid by the District after January 12, 2023. They then assert that they are entitled to an offset of $152,007.05, resulting an amended judgment of $293,125.51. The Parents separately ask the Court to stay the judgment pending the appeal.

## ANALYSIS

**A.     No Grounds to Amend Under Rule 52 and 59**

After reviewing the legal standard, the Court analyzes the reasons why it does not find grounds to amend the judgment.

**1.     Legal Standard**

Rule 52(b) allows a court to amend its "findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). A motion under Rule 52(b) "may accompany a motion for a new trial under Rule 59." Id. Rule 59(e) allows a party to file a "motion to alter or amend a judgment." Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). In general, a Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

1  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). A court considering a Rule

2  59(e) motion is not limited to these four grounds, and may amend under unusual circumstances

3  outside the listed grounds where appropriate. Id. A motion under Rule 59, like a motion under

4  Rule 52(b), is granted in order to correct manifest errors of law or fact or to address newly

5  discovered evidence. Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978). Lastly, "Rule 59(e)

6  permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or

7  to raise arguments or present evidence that could have been raised prior to the entry of

8  judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright

9  & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)).

### 2. Flaws in Parents' Arguments

The Parents fail to provide adequate argument and support to justify any relief under Rules 52(b) or 59(e). The Court highlights three problems with the Parents' request.

First, the Parents' Motion fails because it tries to use Rule 52 and 59 to make a new and belated response to the District's Motion to Amend the Judgment. In its Motion to Amend the Judgment, the District specifically asked for an award of reimbursement. The Parents had a full opportunity to present argument and cite evidence as to the amount they believed due. But the Parents failed to do so, and, instead, made other arguments that failed to persuade the Court. Additionally, the evidence the Parents now rely on to seek a reduction in the reimbursement amounts was available to them when they filed their opposition brief to the District's Motion. As such, the Parents are improperly using Rule 59(e) to "'relitigate old matters'" and to "'raised arguments or present evidence that could have been raised prior to entry of the [amended] judgment.'" See Exxon, 554 U.S. at 486 n.5 (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)). Lastly, the Parents incorrectly argue that the

1  District did not specify how much money they wanted ordered reimbursed. (Reply at 5.) The
2  District's Motion clearly set out the amounts they sought reimbursed and the evidence on which
3  they relied. (See Dkt. No. 25.) The Parents' arguments on this front lack merit.
4       Second, the Parents' Motion fails to present admissible evidence to support the requested
5  reduction. The Parents attached an unexplained "Exhibit" to their Motion that appears to show
6  some accounting in support of their argument. But the Parents provide no record citation or
7  supporting declaration attesting to what the exhibit shows and whether its information is true and
8  accurate. This inadmissible evidence does not carry the day to obtain extraordinary relief under
9  Rules 52 and 59. See McDowell, 197 F.3d at 1255 n.1.
10      Third, the Parents have not identified any authority for the proposition that they are
11 entitled to keep tuition reimbursement ordered by the ALJ even though the Court reversed that
12 decision. At best, the Parents identify Second Circuit authority for the proposition that a district
13 must fund private tuition for a school year when an ALJ finds the unilateral private placement is
14 appropriate and no court has reversed the ALJ's decision. See Bd. of Educ. of the Pawling Cent.
15 Sch. Dist. v. Schutz, 290 F.3d 476 (2d Cir. 2002), cert. denied, 537 U.S. 1227 (2003); Mackey v.
16 Bd. of Educ. for the Arlington Sch. Dist., 386 F.3d 158 (2d Cir. 2004). Neither case stands for
17 the proposition that a district would have to fund a unilateral private placement approved by an
18 ALJ whose decision is then reversed by a district court judge. In essence, what the Parents ask
19 for is an order that would contradict the Court's conclusion that they were not entitled to
20 reimbursement for the unilateral placement. The cases the Parents rely on include ALJ decisions
21 which were affirmed, not reversed. That makes these cases inapposite.
22      For these three reasons, the Court DENIES the Motion to Amend.

**B.     Motion to Stay**

The Parents have not identified or briefed the correct standard to obtain a stay of judgment on appeal, and the Court DENIES the Motion to Stay.

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." The bond protects the prevailing party from being unable to collect on their judgment. NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). And while the Court has discretion to depart from the bonding requirement, the Court views this as an unusual departure. See Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988); Mills v. Zeichner, C23-1130JLR, 2024 WL 1255783, at *2 (W.D. Wash. Mar. 25, 2024) (applying the Dillon case). Though not binding, Dillon suggests consideration of the following five factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [movant's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [movant] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 2019 WL 2715616, at *3 (E.D. Cal. Jun 28, 2019) (citing Dillon, 866 F.2d at 904).

The Parents have failed to show why they are entitled to an unsecured stay of the judgment pending appeal. First, the Parents do not identify Rule 62(b) and its requirement that they post a bond or other security. They provide no explanation as to why they cannot obtain a bond or post some other security consistent with Rule 62(b). Second, the Parents have not articulated why the Court should exercise its discretion to permit them an unsecured stay of judgment. Indeed, in arguing their request for a stay, they incorrectly discuss the equitable factors a court may consider in staying an injunction on appeal. In so doing, they highlight their apparent financial instability, which raises significant questions and concerns about the propriety

of permitting an unsecured stay. Specifically, the Parents assert that they face bankruptcy if required to pay the judgment in this case, which suggests that the District may well face great difficulty in collecting on their judgment after an appeal exhausts more of the Parents available assets. On this record, the Court DENIES the Motion to Stay. The Court's ruling is without prejudice to a renewed Motion to Stay that fully briefs the issue under Rule 62.

## CONCLUSION

The Parents are not entitled to an amended judgment. Their Motion presents inadequate evidence to sustain the belated request for an offset. And it fails to identify a legal theory supporting the demand. Additionally, the Motion to Stay fails to identify or brief the applicable standard, and the Court finds no grounds to permit an unsecured stay of judgment on appeal. The Court therefore DENIES both Motions. The Court's denial as to the Motion to Stay is without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 19, 2024.

Marsha J. Pechman
United States Senior District Judge